# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 8, 2022

Lyle W. Cayce
Clerk

No. 20-61050

WILMER GUDIEL-VILLATORO,

*Petitioner*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

Petition for Review of the Order of the
Board of Immigration Appeals
BIA No. A098 987 009

Before KING, ELROD, and SOUTHWICK, *Circuit Judges*.
PER CURIAM:

Petitioner, a native and citizen of Guatemala, petitions for review from a decision of the Board of Immigration Appeals dismissing his appeal and upholding the denial of his motion to reopen removal proceedings. Because petitioner fails to show any error by the BIA, we DENY the petition for review.

Petitioner crossed the Texas border into the United States on May 10, 2005. He was apprehended the following day, and DHS served him personally with a notice to appear charging that he was subject to removal for

No. 20-61050

failure to be admitted or paroled. The notice to appear ordered him to appear in immigration court for his removal hearing "on a date to be set at a time to be set." It further stated that petitioner was required to give an address at which he can be reached, that failure to provide an address waives an entitlement to notice of the removal hearing, and that failure to attend the removal hearing could result in removal *in absentia*.

Upon being released on his own recognizance, petitioner moved to Connecticut without ever providing an address. Accordingly, an Immigration Judge ordered petitioner removed *in absentia* at a hearing on June 14, 2005. Over fourteen years later, petitioner moved to reopen proceedings and rescind his *in absentia* order.

Now on petition for review, petitioner claims that he did not receive adequate notice of his removal proceedings. He says that his notice to appear was deficient because it did not include the date and time of his removal hearing. And he alleges that the BIA failed to consider evidence, including his own affidavit, that he did not receive adequate notice of his removal proceedings more generally.

This court reviews the denial of motions to reopen under a highly deferential abuse-of-discretion standard. *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). The BIA's decision will be upheld unless it is "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Id.* at 304 (citation omitted). We review the BIA's conclusions of law *de novo* and its findings of fact for substantial evidence. *See Morales v. Sessions*, 860 F.3d 812, 816–17 (5th Cir. 2017); *Zhao*, 404 F.3d at 306.

Petitioner is incorrect that his notice to appear needed to include the date and time of his removal proceeding. Following the Supreme Court's decision in *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021), this court has held

No. 20-61050

that an alien may move "at any time" to reopen and rescind his *in absentia* removal order if the notice to appear did not include all of the information in 8 U.S.C. § 1229(a)(1), including the time and date of his removal hearing. *See Rodriguez v. Garland*, 15 F.4th 351, 355–56 (5th Cir. 2021), *en banc reh'g denied*, 31 F.4th 935 (5th Cir. 2022); 8 U.S.C. § 1229a(b)(5)(C)(ii).

But this rule does not apply when the alien fails to provide an address where he can be reached. An alien may move to reopen his immigration proceedings and rescind an *in absentia* order "at any time if the alien demonstrates that the alien did not receive notice in accordance with paragraph (1) or (2) of section 1229(a)." 8 U.S.C. § 1229a(b)(5)(C)(ii). However, "[n]o written notice shall be required . . . if the alien has failed to provide the address required under section 1229(a)(1)(F) of this title." *Id.* § 1229a(b)(5)(B). Thus, an alien "forfeits his right to notice by failing to provide a viable mailing address" and "cannot seek to reopen the removal proceedings and rescind the *in absentia* removal order for lack of notice." *Spagnol-Bastos v. Garland*, 19 F.4th 802, 806 (5th Cir. 2021).

Petitioner did not provide any address, so he may not reopen his removal proceedings on the ground that the date and time of his removal proceeding were not included in his notice to appear. *Spagnol-Bastos* makes clear that both the viable-address requirement and the forfeiture-of-notice effect survive *Niz-Chavez*. *Spagnol-Bastos*, 19 F.4th at 806, 808 n.2. And this court has held that an alien has not provided a "viable mailing address" when he fails to provide any address,[1] neglects to update an old address,[2] or

---

[1] *Hernandez-Castillo v. Sessions*, 875 F.3d 199, 202, 206 (5th Cir. 2017).

[2] *Gomez-Palacios v. Holder*, 560 F.3d 354, 357, 360–61 (5th Cir. 2009).

No. 20-61050

fails to correct an erroneous address.[3]   Because petitioner did not provide any address, the BIA did not err in denying his motion to reopen.

Next, petitioner contends that the BIA impermissibly failed to consider his evidence, namely his own affidavit, that the immigration officers never (1) explained the nature of the proceedings, (2) asked him any questions about his address, (3) informed him of his obligation to inform the court of his address or any change in address, or (4) told him about the consequences for failing to appear at his hearing.  Citing his birth certificate, petitioner further impugns the validity of the notice to appear by stating that it refers to him by the wrong name and lists an incorrect country of origin.[4] According to him, the BIA erred by failing to consider this evidence.

Contrary to petitioner's assertions, the BIA considered the totality of the record before determining that he received proper notice.  The BIA recognized that the notice to appear contained petitioner's fingerprint and signature.  It credited the statement on the Form I-213 that petitioner was given the notice to appear and told that he must provide an address.  And, acknowledging petitioner's birth certificate, it observed that petitioner admitted to providing the false name and country of origin reflected on the notice to appear.  This review clearly satisfied the BIA's obligation to "consider the issues raised[] and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Efe v. Ashcroft*, 293 F.3d 899, 908 (5th Cir. 2002) (quoting *Becerra-Jimenez v. INS*, 829 F.2d 996, 1000 (10th Cir. 1987)).[5]

---

[3] *Mauricio-Benitez v. Sessions*, 908 F.3d 144, 148–49 (5th Cir. 2018).

[4] Petitioner has submitted evidence that his real name is Wilmer Carrillo Quiñonez, not Wilmer Gudiel-Villatoro, and that he is from Guatemala, not El-Salvador.

[5] In his reply brief, petitioner disclaims challenging "the *weight* given to Wilmer's factual allegations . . . . Rather, Wilmer is challenging the agency's ability to disregard those

No. 20-61050

Finally, neither did the BIA's analysis violate petitioner's due process rights. "[T]here is no liberty interest at stake in a motion to reopen due to the discretionary nature of the relief sought." *Gomez-Palacios*, 560 F.3d at 361 n.2.[6] And to the extent that petitioner contends that his allegedly insufficient notice violated his due process rights, we reiterate that substantial evidence supported the BIA's conclusion that petitioner received proper notice. *See supra* note 5.

\*       \*       \*

For these reasons, we DENY the petition for review.

---

allegations in their entirety without meaningful engagement." However, to the extent petitioner does challenge the merits of the BIA's conclusion, substantial evidence supports it.

[6] Furthermore, although petitioner was 15 years old when he was personally served with his notice to appear, the BIA regulation as to service-of-notice requirements for immigration matters states that service on an adult is required only if the minor is under fourteen years of age. *See* 8 C.F.R. § 103.8(c)(2)(ii). This regulation does not violate the Due Process Clause. *See Lopez-Dubon v. Holder*, 609 F.3d 642, 646 (5th Cir. 2010).