# United States Court of Appeals for the Fifth Circuit

No. 22-60237
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
December 20, 2022

Lyle W. Cayce
Clerk

Alonso Carballo-Cordero,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A200 116 311

Before King, Higginson, and Willett, *Circuit Judges*.
Per Curiam:*

Alonso Carballo-Cordero, a native and citizen of Costa Rica, was apprehended on September 30, 2005 after he illegally entered the United States by wading across the Rio Grande into Texas. Three days later, Border Patrol agents personally served Carballo with a notice to appear (NTA) charging him with removability under 8 U.S.C. § 1182(a)(6)(A)(i) as a

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

noncitizen present in the United States without having been admitted or paroled. The NTA ordered Carballo to appear before an immigration judge at a date and time "to be set." It also informed Carballo that if he failed to provide the Immigration and Naturalization Service an address at which he could be reached, the government would not be required to provide him with written notice of his hearing. The NTA further provided that failure to attend the hearing could lead to "a removal order . . . made by the immigration judge in your absence." Carballo failed to provide a mailing address and was ordered removed in absentia on February 14, 2006.

Over a decade later in 2018, Carballo moved to reopen his removal proceedings and rescind the order on the basis that he did not receive statutory notice because his NTA lacked the date and time of his removal hearing. The immigration judge denied his motion, and the Board of Immigration Appeals (BIA) dismissed his appeal. Carballo moved the BIA to reconsider its dismissal in light of our holding in *Rodriguez v. Garland*, 15 F.4th 351 (5th Cir. 2021), *en banc reh'g denied*, 31 F.4th 935 (5th Cir. 2022). The BIA denied Carballo's motion on the grounds that his case is governed by *Spagnol-Bastos v. Garland*, 19 F.4th 802 (5th Cir. 2021) (per curiam), because he failed to provide immigration officials with a mailing address. Carballo's petition for review followed.

We review motions to reconsider under a highly deferential abuse-of-discretion standard. *Gonzales-Veliz v. Barr*, 938 F.3d 219, 226 (5th Cir. 2019). An alien subject to removal proceedings is entitled to a written NTA containing all the statutorily required information,[1] including the date and time of the removal hearing. *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021). A subsequent notice of hearing with additional information cannot "cure" a

---

[1] *See* 8 U.S.C. § 1229(a).

No. 22-60237

defective NTA. *See Rodriguez*, 15 F.4th at 354–55. If an alien receives a defective NTA, he may move to reopen the removal proceedings at any time, and an in absentia removal may be rescinded. *Id*. However, an alien forfeits his right to notice of removal proceedings if he fails to provide a viable mailing address as required under 8 U.S.C. § 1229(a)(1)(F). *Spagnol-Bastos*, 19 F.4th at 806–07; 8 U.S.C. § 1229a(b)(5)(B). Thus, the rule that an alien can move to reopen and rescind an in absentia removal order if his NTA was defective "does not apply when the alien fails to provide an address where he can be reached." *Gudiel-Villatoro v. Garland*, 40 F.4th 247, 249 (5th Cir. 2022) (per curiam). After receiving his NTA, Carballo failed to provide DHS with a mailing address. Thus, he may not reopen removal proceedings.

Accordingly, Carballo's petition for review is DENIED.