# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 29, 2023

Lyle W. Cayce
Clerk

———————————

No. 22-60324
Summary Calendar

———————————

Jenny Maricela Alas-Elias,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A098 680 641

———————————————————————

Before Barksdale, Elrod, and Haynes, *Circuit Judges*.

Per Curiam:[*]

Jenny Maricela Alas-Elias, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' (BIA) dismissing her appeal of the Immigration Judge's (IJ) denying her motion to reopen and application for cancellation of removal.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60324

Our court reviews the BIA's decision and considers the IJ's decision only to the extent it influenced the BIA. *E.g.*, *Vetcher v. Barr*, 953 F.3d 361, 366 (5th Cir. 2020). We review denial of a motion to reopen "under a highly deferential abuse-of-discretion standard". *Gudiel-Villatoro v. Garland*, 40 F.4th 247, 248 (5th Cir. 2022).

Alas maintains the BIA erred in denying her challenge to her notice to appear. Because she failed to provide an address at which she could be reached, she may not reopen her *in absentia* proceedings on the ground that her notice to appear was defective. *E.g.*, *id.* at 249 ("[A]n alien forfeits his right to notice by failing to provide a viable mailing address and cannot seek to reopen the removal proceedings and rescind the *in absentia* removal order for lack of notice". (citation omitted)).

She also contends the BIA erroneously determined: she failed to show her children would experience the requisite level of hardship for cancellation of removal; and that *sua sponte* regulatory reopening was not warranted. Our court lacks jurisdiction to review these assertions. *E.g.*, *Castillo-Gutierrez v. Garland*, 43 F.4th 477, 481 (5th Cir. 2022) (stating hardship determination "is a discretionary and authoritative decision . . . beyond [this court's] review"); *Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 306 (5th Cir. 2017) (explaining this court lacks jurisdiction to consider BIA's refusal to reopen *sua sponte* because ruling is discretionary).

DISMISSED in part; DENIED in part.