# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 15, 2014

Lyle W. Cayce
Clerk

No. 13-60425

VICENTE MARTINEZ-MARTINEZ, also known as Vincente Martinez, also known as Francisco Javier Garcia,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of
the Board of Immigration Appeals

Before DAVIS, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:

Vicente Martinez-Martinez ("Martinez") petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal on the grounds that Martinez had knowingly and intelligently waived his appellate rights before the immigration judge ("IJ") at his initial hearing. We deny the petition for review.

Martinez is a citizen of El Salvador who entered the U.S. unlawfully in 2004. He appeared at a group hearing before an IJ in 2012. There, the IJ advised Martinez and the other respondents of their rights. Regarding their appellate rights, he stated, "[a]fter I tell you my decision, I'm going to ask

whether you accept the decision or want to appeal. If you accept the decision, it will be final today. If you appeal, you will have 30 days to file your appeal with the Board of Immigration Appeals." Thereafter, the IJ addressed Martinez individually, in pertinent part as follows:

Judge:
> Sir, do you agree that you are subject to deportation under Section 212(a)(6)(A)(i) as an alien who is in the United States without permission?

Martinez:
> Yes.

Judge:
> I will sustain that charge. If you have to be deported, which country do you choose?

Martinez:
> El Salvador.

Judge:
> Do you want to apply for any of the forms of relief that I explained before?

Martinez:
> No.

Judge:
> Do you fear persecution or torture if removed to El Salvador?

Martinez:
> No.

Judge:
> Okay, it is the Court's decision then, sir, that you be removed from the United States to El Salvador on the 212(a)(6)(A)(i) charge contained in the Notice to Appear. Do you want to appeal my decision or do you accept it as final?

Martinez:
> Well, I just have a question. Do I have any possibilities for a bond or anything like that?

Judge:
> You need to apply for a form of relief, sir, and you're not applying for a form of relief. I don't see a basis to grant you bond.

Martinez:
> What?

No. 13-60425

Judge:

I don't see a reason to grant you bond.

Martinez:

I'm sorry, I didn't understand.

Judge:

Okay. Sir, you're not applying for any form of relief, and you have a pretty serious conviction.

Martinez:

I just want to know if I can have a bond, yes or no?

Judge:

I'm not going to grant you bond, no.

Martinez:

Okay.

Judge:

Do you want to appeal my decision or do you accept it as final?

Martinez:

I accept it as final.

The question of whether or not a defendant has knowingly and intelligently waived his right to appeal is a fact-specific inquiry which we review under the substantial evidence standard.[1] Under this standard, the BIA's finding is conclusive unless, based on the evidence presented in the record, "any reasonable adjudicator would be compelled to conclude to the contrary."[2]

Several facts preclude a finding that "no reasonable fact finder" could reach the same conclusion the BIA has reached.[3] These include the IJ's verbal and written explanation of respondents' appellate rights, Martinez's negative

---

[1] *Kohwarien v. Holder*, 635 F.3d 174, 178-79 (5th Cir. 2011) (citing *de Rodriguez v. Holder,* 585 F.3d 227, 233 (5th Cir. 2009)).The substantial evidence standard was established by the Supreme Court in *INS v. Elias-Zacarias,* 502 U.S. 478, 481 (1992), and essentially codified at 8 U.S.C. § 1252(b)(4)(B). *See Zhang v. Gonzalez*, 432 F.3d 339, 344 (5th Cir. 2005).

[2] *Kohwarien*, 635 F.3d at 176-79.

[3] *See id.* at 179.

response to the IJ's question whether Martinez wanted to apply for relief, the explanatory responses that the IJ provided to answer Martinez's questions, and Martinez's affirmative statement, "I accept [the IJ's decision] as final." These facts constitute substantial evidence to support the BIA's finding that Martinez knowingly and intelligently waived his appellate rights. See our opinion in *Kohwarien v. Holder,* which is factually analogous and consistent with our decision in this case.[4]

We conclude that the record amply supports the BIA's finding that Martinez knowingly and intelligently waived his appellate rights at his initial hearing. Accordingly, the petition for review is DENIED.

---

[4] *Id*. at 175-81.