# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
December 3, 2021

Lyle W. Cayce
Clerk

No. 20-60139

Manoel Jose Spagnol-Bastos,

*Petitioner*,

*versus*

Merrick Garland, U.S. Attorney General,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A077 692 312

Before Owen, *Chief Judge*, and Jones and Wilson, *Circuit Judges*.
Per Curiam:

Border Patrol agents apprehended and detained Manoel Spagnol-Bastos after he illegally entered this country. The next day, immigration officials released Spagnol-Bastos on bond and ordered him to provide an address at which the government could contact him regarding his removal hearing. He provided a deficient address and, as a result, did not receive notice of his removal hearing and failed to appear for it. An immigration court ordered him removed *in absentia*. Almost eighteen years later, he filed a motion to reopen the removal proceedings and to rescind the removal order on the basis that he never received notice of the proceedings. The

immigration judge denied his motion, holding that Spagnol-Bastos forfeited his right to notice by failing to provide a viable address. The Board of Immigration Appeals affirmed. This court DENIES the petition for review.

## BACKGROUND

Twenty years ago, Manoel Spagnol-Bastos, a Brazilian citizen, waded across the Rio Grande into Texas. Border Patrol agents apprehended him and took him into custody. Immigration and Naturalization Service officers served him with a notice to appear (NTA), charging him as a removable alien not admitted or paroled into the United States under 8 U.S.C. § 1182(a)(6)(A)(i).

Among other things, the NTA advised Spagnol-Bastos that he must provide immigration officials with a current mailing address so the government could contact him regarding his impending removal hearing. Failure to do so carried a heavy penalty: If Spagnol-Bastos did not keep the government apprised of his mailing address, then the government need not give Spagnol-Bastos notice of his removal hearing. And if he did not show up, then the immigration court must order him removed *in absentia*. Spagnol-Bastos acknowledged on the NTA that immigration officials gave him oral notice, in his native language, of the consequences of failing to appear. The NTA did not say when the hearing would occur, but it told Spagnol-Bastos that he needed to appear at a time and date "to be set."

Immigration officials released Spagnol-Bastos on bond the next day. On his way out the door, Spagnol-Bastos allegedly told immigration officials that his address would be "102-169 F Apt 3C, Manhaion N.Y. N.Y. 10029." A week later, an immigration official sent a Form I-830 with that information to the immigration court so the court could send Spagnol-Bastos notice of his hearing. Soon after, the immigration court mailed a notice of hearing to the address. But Spagnol-Bastos had given the government a deficient address

and, as a result, the United States Postal Service returned the hearing notice as "unclaimed." Spagnol-Bastos did not attend his hearing and the immigration judge ordered him removed *in absentia*. The court also mailed Spagnol-Bastos a copy of that removal order, but it, too, went undelivered.

About eighteen years later, Spagnol-Bastos moved to reopen his removal proceedings and to rescind the *in absentia* removal order on the basis that he did not receive actual written or oral notice of his removal hearing. He supported his motion with an affidavit stating that he gave immigration officials a different address than the one listed on the Form I-830, namely, "169 East 102nd Street, #3C, New York, 10029." He confirmed that he lived at that address for several years and never received any communication from the immigration court about his hearing. The immigration officer writing the address on the Form I-830, he asserted, "made an error and mistook 169 East 102 Street for 102-169, and Manhattan for Manhaion."

The immigration judge denied Spagnol-Bastos's motion to reopen his removal proceedings and to rescind his *in absentia* removal order. Critically, the immigration judge rejected Spagnol-Bastos's affidavit testimony as untrustworthy and, citing the Form I-830, found that the "hearing notice was mailed to [Spagnol-Bastos] at the address he provided for himself to DHS." Thus, the immigration judge concluded, any failure to receive notice is attributable to Spagnol-Bastos's failure to "keep the Court apprised of his correct mailing address." Moreover, the immigration judge found that there was "no showing, or even contention, that [Spagnol-Bastos] notified" the immigration court "of his correct address on or before" the hearing date.

Spagnol-Bastos appealed to the BIA. He argued that the immigration judge erred by relying on the Form I-830 to find that Spagnol-Bastos had not given his correct address to immigration officials because there was no evidence indicating he was aware of the error. "The only rational and

common-sense explanation" for the address on the Form I-830, he argued, "is that the officer either misunderstood the address or else made a mistake in the transcription (and if the address he was given was so plainly incorrect, he should've asked [Spagnol-Bastos] to correct it by providing a correct street address)." Furthermore, in light of *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), Spagnol-Bastos argued that his removal order should be vacated for lack of jurisdiction because the NTA failed to specify the date and time of his hearing and that he is therefore eligible for cancellation of removal.

The BIA dismissed the appeal, adopting the immigration judge's decision. It reasoned that "rescission of an in absentia order is not warranted where the alien did not receive notice of a removal hearing due to the alien's failure to provide the Immigration Court with a correct address." Moreover, the BIA rejected Spagnol-Bastos's new argument that he was eligible for cancellation under *Pereira*, as it held that the notice of hearing sent to the address Spagnol-Bastos provided triggered the stop-time rule, even if the original NTA did not. Spagnol-Bastos now petitions this court for review.

## Standard of Review

A motion to reopen removal proceedings is disfavored. *Mauricio-Benitez v. Sessions*, 908 F.3d 144, 147 (5th Cir. 2018). This court applies "a highly deferential abuse-of-discretion standard in reviewing" those motions. *Hernandez-Castillo v. Sessions*, 875 F.3d 199, 203 (5th Cir. 2017). Thus, this court must affirm the BIA's decision unless it is "capricious, irrational, utterly without foundation in the evidence, based on legally erroneous interpretations of statutes or regulations, or based on unexplained departures from regulations or established policies." *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014). The court reviews questions of law *de novo* and findings of fact using the substantial evidence test, under which the court does not overturn factual findings "unless the evidence compels a

contrary conclusion." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009) (citation omitted). Finally, this court focuses its review on the BIA's order but may also review the immigration judge's underlying decision where it influenced the BIA's opinion. *Hernandez-Castillo*, 875 F.3d at 204.

## Discussion

Spagnol-Bastos makes two arguments in his petition for review. He contends that the BIA abused its discretion by affirming the immigration judge's order denying his motion to reopen, and the BIA erred in concluding that he is prima facie ineligible for cancellation of removal. We consider each argument.

## A.

Spagnol-Bastos argues that the BIA abused its discretion by concluding that he forfeited his right to notice of the court hearing because he failed to correct an address error unknown to him and by failing to adequately consider his affidavit testimony. Neither argument is persuasive.[1]

An alien subject to removal proceedings is generally entitled to a written notice that, among other things, specifies the time and place of the removal proceedings and the consequences for failing to appear for those proceedings. 8 U.S.C. § 1229(a)(1). Failing to appear at removal proceedings carries a severe penalty: An immigration court *must* order removal *in absentia* of an absent alien who received written notice if the government "establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable."

---

[1] The parties also dispute whether Spagnol-Bastos needed to notify the immigration court of his new address independently of INS officials. To the extent that the government's position is that Spagnol-Bastos forfeited his right to notice by notifying INS officials but not the immigration court, it lacks merit.

§ 1229a(b)(5)(A). The government satisfies its burden of showing notice if it mails notice to the "most recent address provided [by the alien] under section 1229(a)(1)(F)," § 1229a(b)(5)(A), which is an address "at which the alien may be contacted respecting" the removal proceedings, § 1229(a)(1)(F). If the alien fails to provide such an address, however, then "[n]o written notice shall be required." § 1229a(b)(5)(B).

After an immigration court orders an alien removed *in absentia*, the alien may request that the removal proceedings be reopened to rescind the removal order. Absent exceptional circumstances, an immigration court may not rescind an *in absentia* removal order unless the alien "demonstrates that [he] did not receive notice in accordance with paragraph (1) or (2) of section 1229(a)." § 1229a(b)(5)(C)(ii). An alien who forfeits his right to notice by failing to provide a viable mailing address cannot seek to reopen the removal proceedings and rescind the *in absentia* removal order for lack of notice. *See Mauricio-Benitez*, 908 F.3d at 149; *Hernandez-Castillo*, 875 F.3d at 205.

Here, the immigration judge rejected Spagnol-Bastos's affidavit testimony as untrustworthy and found that Spagnol-Bastos provided immigration officials with a deficient address. Substantial evidence supports that factual finding and, as a result, this court may not disturb it. Because Spagnol-Bastos failed to provide "an address . . . at which [he] may be contacted respecting" the removal proceedings, § 1229(a)(1)(f), he forfeited his right to notice under § 1229a(b)(5)(B) and therefore may not now seek to reopen his removal proceedings and rescind the removal order. The immigration judge and the BIA did not abuse their discretion by so concluding.

Moreover, the immigration judge and the BIA did not abuse their discretion by failing to adequately consider Spagnol-Bastos's affidavit testimony. Spagnol-Bastos concedes that the immigration judge

No. 20-60139

acknowledged his affidavit testimony but argues that the judge simply overlooked its contents, highlighting the judge's statement that "there [was] no showing, or even any contention, that [Spagnol-Bastos] notified [the immigration court] of his correct address at any time on or before" the removal hearing date. Spagnol-Bastos, however, misunderstands the import of that statement. Before making it, the immigration judge implicitly rejected Spagnol-Bastos's affidavit testimony as not credible and concluded that the NTA "was mailed to [Spagnol-Bastos] at the address he provided for himself to DHS, which is 102-169 F Apt 3C, Manhaion, NY 10029." The immigration judge also noted that "there is proof of attempted delivery of the hearing notice to the last address provided by" Spagnol-Bastos. Thus, when the immigration judge said "there [was] no showing, or even any contention, that [Spagnol-Bastos] notified this Court of his correct address," the judge is stating that Spagnol-Bastos failed to show that he provided the immigration court with his correct address at any time *after* providing the faulty address. The immigration judge and the BIA did not fail to consider Spagnol-Bastos's affidavit; they failed to find it credible.

## B.

The BIA also did not err in concluding that Spagnol-Bastos is prima facie ineligible for cancellation of removal. The Attorney General may cancel the removal of "an alien who is inadmissible or deportable from the United States" if, among other things, the alien "has been physically present in the United States for a continuous period of not less than 10 years." § 1229b(b)(1). An alien's continuous presence accrual is stopped "when the alien is served a notice to appear under section 1229(a)." § 1229b(d)(1).

At the BIA, Spagnol-Bastos argued that his NTA was inadequate under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), because it failed to mention the date and time of his hearing. The BIA rejected that argument, reasoning

that subsequent service of a document indicating the date and time of a hearing cured any defect with the original NTA.  In his opening brief to this court, Spagnol-Bastos conceded that this court's precedent foreclosed his cancellation of removal argument and he did not present any affirmative argument for why he is prima facie eligible for cancellation.

After the parties completed briefing in this court, the Supreme Court decided *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021), holding that the stop-time rule is triggered only when the government serves the alien with a single notice containing all of the information listed in § 1229(a).  *Id.* at 1480.  Six months later, Spagnol-Bastos submitted a FED. R. APP. P. 28(j) letter drawing this court's attention to the decision in *Niz-Chavez* and another precedential decision from this court, *Rodriguez v. Garland*, 15 F.4th 351 (5th Cir. 2021), which addressed the effects of *Niz-Chavez* upon *in absentia* removals.  Relying on *Niz-Chavez* and *Rodriguez*, Spagnol-Bastos now contends that he satisfies the continuous presence requirement for cancellation of removal because the government never served him with a single notice containing the information listed in § 1229(a).[2]

Spagnol-Bastos failed to analyze the cancellation of removal theory in a meaningful way in his opening brief.  Thus, the argument is forfeited.  *Edwards v. Johnson*, 209 F.3d 772, 776 n.1 (5th Cir. 2000).  It is of no consequence that then-valid Fifth Circuit precedent foreclosed his cancellation argument at the time he submitted his opening brief because that argument was nonetheless available to him.  Indeed, two sister circuits had already rejected the two-step notice theory.  *Perez-Sanchez v. U.S. Att'y Gen.*,

---

[2] Spagnol-Bastos's reliance on *Rodriguez* is misplaced because, unlike Spagnol-Bastos, Rodriguez provided immigration authorities with a viable mailing address and therefore did not forfeit his right to notice under § 1229a(b)(5)(B).  *Rodriguez*, 15 F.4th at 353.

935 F.3d 1148, 1152-53 (11th Cir. 2019); *Ortiz-Santiago v. Barr*, 924 F.3d 956, 962 (7th Cir. 2019).

## CONCLUSION

For the foregoing reasons, Spagnol-Bastos's petition for review is DENIED.