# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 21, 2022

Lyle W. Cayce
Clerk

No. 20-60560
Summary Calendar

Mauricio Humberto Valladares-Blanco,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 029 609

Before Barksdale, Willett, and Wilson, *Circuit Judges*.

Per Curiam:*

Mauricio Humberto Valladares-Blanco, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' dismissing his appeal from an immigration judge's denial of his motion to

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60560

reopen and rescind his 2005 *in absentia* order of removal.  The motion to reopen was filed over 13 years after the order of removal.

Valladares contends, *inter alia*:  he did not receive proper notice of his removal proceedings; and his due-process rights were violated.  Denial of a motion to reopen is reviewed, understandably, "under a highly deferential abuse-of-discretion standard".  *Lowe v. Sessions*, 872 F.3d 713, 715 (5th Cir. 2017) (citation omitted).  An *in absentia* order of removal may be rescinded if an alien demonstrates he did not receive notice of the hearing in accordance with 8 U.S.C. § 1229(a).  8 U.S.C. § 1229a(b)(5)(C)(ii).

Valladares maintains his notice to appear was defective, and his due-process rights violated, because the notice to appear failed to specify the time and date of his hearing.  Section 1229(a) provides:  an alien subject to removal proceedings is entitled to written notice that specifies, *inter alia*, the time and place of the removal proceedings and the consequences for failing to appear. 8 U.S.C. § 1229(a)(1)(G).  On the other hand, an alien is not entitled to written notice of his removal hearing if he fails to provide an address at which he can be contacted after being informed of his obligation to do so.  8 U.S.C. § 1229a(b)(5)(B); *Mauricio-Benitez v. Sessions*, 908 F.3d 144, 147 (5th Cir. 2018).

Because the record reflects Valladares was informed of his obligation to provide an address, and there is nothing in the record indicating he did so, "he forfeited his right to notice under § 1229a(b)(5)(B) and therefore may not now seek to reopen his removal proceedings and rescind the removal order".  *Spagnol-Bastos v. Garland*, 19 F.4th 802, 806–07 (5th Cir. 2021) (denying petition for review because, *inter alia*, alien provided deficient address).  Moreover, he is unable to demonstrate his due-process rights were violated, because his failure to receive notice was not because of any malfeasance by the Government, but instead "due to [his] neglect of [his]

No. 20-60560

obligation to keep the immigration court apprised of [his] current mailing address". *Luna-Garcia v. Barr*, 932 F.3d 285, 292–93 (5th Cir. 2019) (quoting *Gomez-Palacios v. Holder*, 560 F.3d 354, 360 (5th Cir. 2009)) (denying due-process claim because, *inter alia*, alien given "ample warning" to provide mailing address).

Given that Valladares was not entitled to notice, it is unnecessary to address his claims regarding any deficiency in the notice to appear, or whether 8 C.F.R. § 1003.15(b) and (c), governing the contents of a notice to appear, is entitled to deference under *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 842–43 (1984), including whether he preserved the claims.

DENIED.