# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 30, 2022

Lyle W. Cayce
Clerk

No. 21-60144
Summary Calendar

Edgar Josue Lopez-Meraz,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A097 399 069

Before Barksdale, Willett, and Duncan, *Circuit Judges*.

Per Curiam:*

Edgar Josue Lopez-Meraz, a native and citizen of Honduras, ordered removed *in absentia* in 2004, petitions for review of the denial of his 2018

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

motion to reopen, contending:  the notice to appear he received has been made invalid by Supreme Court decisions; he should have been granted cancellation of removal or voluntary departure; and the Board of Immigration Appeals (BIA) erred by not *sua sponte* reopening his case.

Motions to reopen are reviewed, understandably, under "a highly deferential abuse-of-discretion standard". *Hernandez-Castillo v. Sessions*, 875 F.3d 199, 203 (5th Cir. 2017).  "The [BIA] abuses its discretion when it issues a decision that is  capricious, irrational, utterly without foundation in the evidence, based on legally erroneous interpretations of statutes or regulations, or based on unexplained departures from regulations or established policies". *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014).

We are not compelled to find Lopez was not given proper notice based on any claimed change in the law:  he failed to provide the immigration court with an address and, therefore, forfeited his right to receive any notice. *Spagnol-Bastos v. Garland*, 19 F.4th 802, 806–07 (5th Cir. 2021) ("An alien who forfeits his right to notice by failing to provide a viable mailing address cannot seek to reopen the removal proceedings and rescind the *in absentia* removal order for lack of notice.").

Accordingly, other challenges regarding the validity of the notice or the jurisdiction of the immigration court to issue an *in absentia* removal order fail. *See Menjivar-Guzman v. Barr*, 816 F. App'x 1004, 1006 (5th Cir. 2020) (declining to consider merits because petitioner not entitled to notice for failure to provide address); *see also Mauricio-Benitez v. Sessions*, 908 F.3d 144, 148-49 & n.1 (5th Cir. 2018) (noting rule of *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), regarding cancellation of removal inapplicable to proceeding involving reopening when alien failed to correct address he knew to be incorrect).

Similarly, Lopez was not eligible for voluntary departure because the proceedings resulting in his removal order were not reopened. *See Vidal v. Gonzales*, 491 F.3d 250, 252–53 (5th Cir. 2007).

Finally, Lopez contends the BIA erred by not reopening *sua sponte* his case for the same reasons provided above, but our court lacks jurisdiction to consider this contention. *Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 249–50 (5th Cir. 2004).

DISMISSED in part, DENIED in part.