# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 21, 2022

Lyle W. Cayce
Clerk

No. 20-61076
Summary Calendar

Dinora Amaya-Ventura,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of the Order of the
Board of Immigration Appeals
BIA No. A079 035 023

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

Dinora Amaya-Ventura petitions for review from a decision of the Board of Immigration Appeals dismissing her appeal and upholding the denial of her motion to reopen removal proceedings. For the following reasons, we DENY the petition for review.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-61076

Dinora Amaya-Ventura is a native and citizen of El Salvador. Following an earthquake in El Salvador, she and her sister entered the United States through the Texas border without inspection on May 7, 2001, where they were quickly apprehended by border patrol agents. Amaya-Ventura was then questioned by the agents, read her rights and obligations in Spanish, and, after being provided papers in English containing immigration information, was released into the custody of her older sister. Either Amaya-Ventura or her sister provided an address in Texas where they could be reached.

On that date, Amaya-Ventura was additionally provided with a Notice to Appear at removal proceedings. That Notice did not specify a time or date for the proceedings. Instead, a later Notice of Hearing stating that Amaya-Ventura's hearing was scheduled for April 29, 2002, was mailed to the Texas address that had previously been provided to immigration officials. However, by that time, Amaya-Ventura and her sister had already left Texas to live with a third sister in New Jersey. The Notice of Hearing was returned undelivered to the immigration court and was marked as "Returned to Sender—No Such Number." On April 29, 2002, the immigration hearing proceeded as scheduled but without Amaya-Ventura being present; she was ordered removed to El Salvador *in absentia*. Notice of that decision was mailed to the same Texas address and again returned as undeliverable.

On February 28, 2019, Amaya-Ventura filed a motion to reopen her removal proceedings through counsel asserting that she lacked notice of the original proceedings and that extraordinary circumstances warranted reopening the proceedings. She sought reopening so that she could apply for asylum or cancellation of removal and suggested that changed country conditions in El Salvador would allow her to maintain a viable asylum claim. She also maintained that she was entitled to equitable tolling of the time limit required to file a motion to reopen due to extraordinary circumstances presented by the lack of notice and her diligence in pursuing her case, which

included consulting with a priest, a notary, and then counsel for advice on her case.

The Immigration Judge ("IJ") denied Amaya-Ventura's motion to reopen. He rejected her lack-of-notice assertions because the Notice of Hearing had been mailed to Amaya-Ventura's last known address and she had failed to update her address with the immigration court after she moved. He also rejected any intimations that the case should be reopened due to changed country conditions because Amaya-Ventura had not provided evidence of how conditions had changed since her *in absentia* removal in 2002. The IJ also declined to reopen Amaya-Ventura's case *sua sponte*. Amaya-Ventura appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), which dismissed her appeal. Amaya-Ventura timely filed a petition for review.

"A motion to reopen removal proceedings is disfavored" and is considered under "a highly deferential abuse-of-discretion standard." *Spagnol-Bastos v. Garland*, 19 F.4th 802, 805 (5th Cir. 2021) (per curiam) (quoting *Hernandez-Castillo v. Sessions*, 875 F.3d 199, 203 (5th Cir. 2017)). We will uphold the BIA's decision unless it "is capricious, irrational, utterly without foundation in the evidence, based on legally erroneous interpretations of statutes or regulations, or based on unexplained departures from regulations or established policies." *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014).

Amaya-Ventura cannot meet this standard. It is true that, following the Supreme Court's decision in *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021), our court has held that 8 U.S.C. § 1229(a) requires that notice be given in "a single document containing the required information in the [*in absentia*] context." *Rodriguez v. Garland*, 15 F.4th 351, 355 (5th Cir. 2021). However, since *Rodriguez* was decided, we have also held that "[a]n alien

who forfeits his [or her] right to notice by failing to provide a viable mailing address cannot seek to reopen the removal proceedings and rescind the *in absentia* removal order for lack of notice." *Spagnol-Bastos*, 19 F.4th at 806. Our court in *Spagnol-Bastos* also explicitly distinguished cases where the petitioner failed to provide immigration officials with a viable address from *Rodriguez* and its single-document-notice requirement, noting that "Spagnol-Bastos's reliance on *Rodriguez* [was] misplaced because, unlike Spagnol-Bastos, Rodriguez provided immigration authorities with a viable mailing address and therefore did not forfeit his right to notice." *Id.* at 808 n.2. And that rule applies with equal force to those who, like Amaya-Ventura, initially provided immigration officials with an address but failed to update it. *Gomez-Palacios v. Holder*, 560 F.3d 354, 360–61 (5th Cir. 2009). *Spagnol-Bastos*, not *Rodriguez*, controls this case. Because Amaya-Ventura did not provide a viable mailing address after moving to New Jersey, she forfeited her right to notice. The BIA did not abuse its discretion.[1]

For the foregoing reasons, the petition for review is DENIED.

---

[1] In addition, Amaya-Ventura's other arguments are without merit. The BIA did not abuse its discretion in finding that she did not pursue her case with due diligence based on the fact that she only consulted an attorney over fifteen years after her *in absentia* removal; nor did it abuse its discretion in finding that she failed to provide sufficient evidence of changed country conditions in El Salvador to warrant reopening her case.