# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 3, 2022

Lyle W. Cayce
Clerk

No. 20-60262

Moris Esmelis Campos-Chaves,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A098 793 655

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:

Moris Campos-Chaves petitions for review of a final order of removal issued by the Board of Immigration Appeals, dismissing his appeal from the decision of the immigration judge ("IJ") to deny his motion to reopen. Petitioner is a native and citizen of El Salvador who illegally entered the United States on January 24, 2005, at Laredo, Texas. On February 10, 2005, the Government filed a Notice to Appear ("NTA") in immigration court and charged petitioner as removable under 8 U.S.C. § 1182(a)(6)(A)(i). Petitioner did not appear and was ordered removed *in absentia*.

No. 20-60262

On September 18, 2018, petitioner filed a motion to reopen. He principally contended that the IJ lacked authority to conduct the removal proceedings because the NTA was defective. Petitioner submitted an affidavit in which he stated that he received the NTA but that it did not contain the date and time of his removal proceedings. Now he contends that we should remand the matter to the Board for reconsideration of his NTA challenge in light of *Rodriguez v. Garland*, 15 F.4th 351 (5th Cir. 2021).

We disagree. In *Rodriguez*, the alien received an undated NTA but did not receive a subsequent notice of hearing ("NOH") because he moved. Here, by contrast, petitioner received the NTA and does not dispute that he also received the subsequent NOH. *See* Red Br. 9 n.3. The fact that petitioner received the NOH (or does not dispute receiving the NOH) makes *Rodriguez* distinguishable. Indeed, we have held that aliens are not entitled to *Rodriguez* remands where they failed to provide their address to the Department of Homeland Security. *See Spangol-Bastos v. Garland*, 19 F.4th 802, 807-08 (5th Cir. 2021); *Correa Dos Santos v. Garland*, No. 21-60791 (June 17, 2022). If an alien forfeits his right to a *Rodriguez* remand by not giving the Government a good address, then *a fortiori* the alien forfeits his right to a *Rodriguez* remand when he in fact receives the NOH (or does not dispute receiving it).

The petition for review is DENIED. All pending motions are DENIED.