# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 8, 2022

Lyle W. Cayce
Clerk

No. 21-60561
Summary Calendar

———————

Luis Gustavo Clemente-Bernardino,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A200 069 020

_____

Before Jones, Haynes, and Oldham, *Circuit Judges.* .

Per Curiam:*

Luis Gustavo Clemente-Bernardino is a native and citizen of Brazil. He petitions us to review the Board of Immigration Appeals' (BIA) denial of his motion to reconsider its dismissal of his appeal of the immigration judge's denial of his motion to reopen. Clemente-Bernardino argues that jurisdiction

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

never vested in the immigration court because the notice to appear failed to state the time and date of his removal hearing. He maintains that because he was not properly notified of his court date, his 10-year presence in the United States was not interrupted, and he is eligible for cancellation of removal.

We review the BIA's denial of a motion to reconsider under an abuse-of-discretion standard. *Gonzales-Veliz v. Barr*, 938 F.3d 219, 226 (5th Cir. 2019). Under this standard, Clemente-Bernardino must identify either a "change in the law, a misapplication of the law, or an aspect of the case that the BIA overlooked." *Zhao v. Gonzales*, 404 F.3d 295, 301 (5th Cir. 2005). The BIA's decision will stand unless it was "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Id.* at 304 (internal quotation marks and citation omitted).

Clemente-Bernardino has failed to address the BIA's determination that, by failing to provide the immigration court with an address, his challenge to the allegedly defective notice to appear was foreclosed and in absentia removal was appropriate. Clemente-Bernardino has, therefore, abandoned any argument that the BIA abused its discretion in denying his motion to reconsider. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Even with proper briefing, Clemente-Bernardino cannot show that the BIA abused its discretion because nothing in the record indicates that Clemente-Bernardino provided an address at which the immigration court could send any version of the notice to appear. *See Spagnol-Bastos v. Garland*, 19 F.4th 802, 806-07 (5th Cir. 2021); *Zhao*, 404 F.3d at 301.

The petition for review is DENIED.