# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 6, 2022

Lyle W. Cayce
Clerk

No. 20-61112

ALBA YESSENIA VARELA-RAMIREZ,

*Petitioner*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A201 527 344

Before RICHMAN, *Chief Judge*, and DENNIS and HO, *Circuit Judges*.
PER CURIAM:*

Alba Yessenia Varela-Ramirez, a native and citizen of Honduras, petitions for review of a decision by the Board of Immigration Appeals (BIA) dismissing her appeal from an immigration judge's (IJ) denial of her motion to reopen and rescind her in absentia order of removal. Varela-Ramirez contends that she did not receive proper notice of her removal proceedings

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-61112

because the immigration court sent the notice of hearing to the wrong address. She argues that she gave the Department of Homeland Security (DHS) her correct address, that DHS sent the immigration court the wrong address, and that she did not have an opportunity to correct the error because she was not provided with any documentation reflecting the incorrect address and, thus, had no way of knowing that her address was improperly recorded. Varela-Ramirez also asserts that the BIA failed to address all the relevant evidence when making its determination.

We review the denial of a motion to reopen under "a highly deferential abuse-of-discretion standard." *Hernandez-Castillo v. Sessions*, 875 F.3d 199, 203 (5th Cir. 2017). An in absentia order of removal may be rescinded if an alien demonstrates she did not receive notice of the hearing in accordance with 8 U.S.C. § 1229(a). 8 U.S.C. § 1229a(b)(5)(C). Written notice is sufficient if it is sent to "the most recent address provided." § 1229a(b)(5)(A). The BIA found no clear error in the IJ's factual finding that the notice of hearing was sent to Varela-Ramirez's address of record, which was the address she provided to DHS upon her release from custody. Contrary to Varela-Ramirez's contention, the evidence does not compel a contrary conclusion. *See Spagnol-Bastos v. Garland*, 19 F.4th 802, 806–07 (5th Cir. 2021); *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).

Varela-Ramirez argues that the BIA failed to address her utility bill, her affidavit, and the affidavit of Justina Rivera, the wife of a pastor who assisted her. The first two pieces of evidence tend to show that Valera-Ramirez resided at 203 Raymond Street in Nashville. And the third piece of evidence shows that the Rivera family helped Valera-Ramirez get to Nashville. But none of this evidence shows that Valera-Ramirez provided the 203 Raymond Street address to immigration officers, as she would need to establish for relief. Weighing the evidence, the IJ found that Varela-Ramirez provided 213 (not 203) Raymond Street as her address to DHS on her release

2

from custody.  The BIA agreed with the IJ's finding that notice was sent to the address Varela-Ramirez had provided.  It was not necessary for BIA "to specifically address every piece of evidence put before it," *Cabrera v. Sessions*, 890 F.3d 153, 162 (5th Cir. 2018) (quotation omitted), especially when the three pieces of evidence at issue had an unclear relationship to the claim Varela-Ramirez seeks to establish.

Varela-Ramirez has failed to show that the BIA's decision was "capricious, irrational, utterly without foundation in the evidence, based on legally erroneous interpretations of statutes or regulations, or based on unexplained departures from regulations or established policies." *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014).  Accordingly, the petition for review is denied.