# United States Court of Appeals
# for the Fifth Circuit

No. 22-60316
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 6, 2023

Lyle W. Cayce
Clerk

Fredy Leo Pena-Lopez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A098 404 574

Before Stewart, Duncan, and Wilson, *Circuit Judges*.
Per Curiam:[*]

Fredy Leo Pena-Lopez, a native and citizen of El Salvador, petitions for review of a decision of the Board of Immigration Appeals (BIA) denying his motion to reopen his removal proceedings and rescind an in absentia removal order.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60316

"Motions to reopen removal proceedings are disfavored." *Mauricio-Benitez v. Sessions*, 908 F.3d 144, 147 (5th Cir. 2018). The denial of a motion to reopen is reviewed "under a highly deferential abuse-of-discretion standard." *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014) (internal quotation marks and citation omitted). Accordingly, this court will affirm the BIA's decision unless it is "capricious, irrational, utterly without foundation in the evidence, based on legally erroneous interpretations of statutes or regulations, or based on unexplained departures from regulations or established policies." *Id.*

Relying on the Supreme Court's decision in *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021), Pena-Lopez argues that he did not receive proper statutory notice because his Notice to Appear (NTA) did not list a time or date for his removal hearing. The Government responds that Pena-Lopez was not entitled to recission of his removal order based on *Niz-Chavez* because he forfeited his right to written notice when he failed to provide the immigration court with a valid mailing address.

The Supreme Court held in *Niz-Chavez* that 8 U.S.C. § 1229(a)'s written notice requirements must be provided in a single document to trigger the stop-time rule. 141 S. Ct. at 1480. This court has since held that *Niz-Chavez*'s interpretation of § 1229(a)'s notice requirements "applies in the in absentia context." *Rodriguez v. Garland*, 15 F.4th 351, 355 (5th Cir. 2021).

The BIA acknowledged *Rodriguez* in its decision denying Pena-Lopez's motion to reopen, but it found that *Rodriguez* did not dispose of the case. Instead, the BIA relied on *Spagnol-Bastos v. Garland*, 19 F.4th 802 (5th Cir. 2021), and found that Pena-Lopez had forfeited the right to written notice of his removal hearing by failing to provide a valid address where the immigration court could mail the notice.

Pena-Lopez argues that *Spagnol-Bastos* does not govern his case because there was no similar forfeiture of his right to receive written notice given that "he did provide an address on his NTA." But the alien in *Spagnol-Bastos* also provided his address to immigration authorities, which was incorrectly recorded as "Manhaion" rather than "Manhattan," among other errors. *See* 19 F.4th at 805. This court still held that the alien had failed to comply with his obligation to provide an address at which he could receive notice of his removal hearing, and had therefore forfeited his right to written notice under § 1229a(b)(5)(B). *Id.* at 806-07.

Pena-Lopez provided an address to immigration authorities which he later claimed was inaccurately recorded.[1] "Regardless of how the error in his address was introduced, [Pena-Lopez] had an obligation to correct that error with the immigration court. He failed to do so, and as a result he was not entitled to actual notice of his removal hearing." *Mauricio-Benitez*, 908 F.3d at 149. The BIA therefore did not abuse its discretion in denying Pena-Lopez's motion to reopen and rescind his in absentia removal order because he forfeited his right to written notice by failing to provide immigration authorities with a viable mailing address. *See Barrios-Cantarero*, 772 F.3d at 1021; *see also Spagnol-Bastos*, 19 F.4th at 806-07; *Mauricio-Benitez*, 908 F.3d at 148-49.

Next, Pena-Lopez argues that because his NTA lacked the date and time of his removal hearing, jurisdiction never vested with the immigration court. He acknowledges in his reply brief, however, that his jurisdictional argument runs counter to this court's binding precedent in *Pierre-Paul v. Barr*, 930 F.3d 684, 689 (5th Cir. 2019), *abrogated in part on other grounds by*

---

[1] The address listed on the NTA and the subsequent hearing notice was 90519 Strip, Apartment #1, but according to Pena-Lopez's affidavit presented with his motion to reopen, the correct address was 90519 Street, Apartment #1.

*Niz-Chavez*, 141 S. Ct. at 1479-80, and *Maniar*, but he states that he is raising the issue to preserve it for further review.

This court held in *Pierre-Paul* that a defect in an NTA does not deprive an immigration court of jurisdiction over removal proceedings. 930 F.3d at 691-93. Though the Supreme Court's decision in *Niz-Chavez* abrogated *Pierre-Paul* in part, this court confirmed in *Maniar* that the jurisdictional holding from *Pierre-Paul* remains "the law of [this] circuit," even after *Niz-Chavez*. *See Maniar*, 998 F.3d at 242 n.2. Thus, there is no merit to Pena-Lopez's contention that the immigration court lacked jurisdiction over his removal proceedings. *See Pierre-Paul*, 930 F.3d at 693.

Pena-Lopez also maintains that his due process rights were violated because he never received proper statutory notice of his removal proceedings and because jurisdiction never vested with the immigration court. "[T]his court has held that no liberty interest exists in a motion to reopen, and therefore due process claims are not cognizable in the context of reopening proceedings." *Mejia v. Whitaker*, 913 F.3d 482, 490 (5th Cir. 2019).

Finally, Pena-Lopez argues that the BIA erred in refusing to reopen his removal proceedings sua sponte because *Niz-Chavez* presented a fundamental change in the law and constituted an exceptional circumstance. This court has held that it lacks jurisdiction to review the BIA's decision to exercise its sua sponte authority to reopen removal proceedings because "no meaningful standard exists against which to judge" that decision. *Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 249 (5th Cir. 2004).

Based on the foregoing, the petition for review is DENIED in part and DISMISSED in part.