# United States Court of Appeals
# for the Fifth Circuit

No. 22-60178
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 31, 2023

Lyle W. Cayce
Clerk

Abiezer Ornan Melgar-Lara,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A077 693 528

_____

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Abiezer Ornan Melgar-Lara, a native and citizen of Honduras, timely petitions us for review of a Board of Immigration Appeals (BIA) decision denying his motion to reopen. He entered the United States in 1999 and was ordered removed in absentia in 2000, but moved to reopen his case in 2020.

---

[*] This opinion is not designated for publication. See 5th Cir. R. 47.5.

No. 22-60178

Motions to reopen are disfavored. *Lara v. Trominski*, 216 F.3d 487, 496 (5th Cir. 2000). Accordingly, this court reviews the denial of a motion to reopen under a "highly deferential abuse of discretion standard." *Id.* This standard requires a ruling to stand, even if this court concludes that it is erroneous, "so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Zhao v. Gonzales*, 404 F.3d 295, 304 (5th Cir. 2005) (internal quotation marks and citation omitted).

We do not find that Melgar-Lara's motion should have been considered because of any issues with the Notice to Appear or notice of his removal hearing. The record reflects that he did not keep the immigration court informed about his address, as is his duty. *See Gomez-Palacios v. Holder*, 560 F.3d 354, 360-61 (5th Cir. 2009); *Hernandez-Castillo v. Sessions*, 875 F.3d 199, 205 (5th Cir. 2017). He therefore waived his right to notice. *See Spagnol-Bastos v. Garland*, 19 F.4th 802, 806 (5th Cir. 2021).[1]

Further, we do not find that Melgar-Lara's motion should have been considered because of a change in country conditions. His affidavit indicates that he fled to the United State in 1999 based on fear of death from gang violence, so we do not accept his argument that gang violence was not a serious issue at that time.

Finally, we lack jurisdiction to consider his arguments regarding his unexhausted argument that his proceedings should be reopened due to exceptional circumstances, *see Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th

---

[1] Melgar-Lara provided an address in Florida despite the fact that he was living in Pennsylvania. The notices sent to the Florida address contained a scrivener error, which he protests. The Immigration Judge (IJ) found that irrelevant because Melgar-Lara never gave his proper address. He has not explained why he gave the Florida address and who lived there, so he has not established an error by the IJ adopted by the BIA.

No. 22-60178

Cir. 2001), and his argument regarding sua sponte reopening.    *See Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 550 (5th Cir. 2006).

DENIED in part; DISMISSED in part.