# United States Court of Appeals
# for the Fifth Circuit

————————

No. 22-60538
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

May 25, 2023

Lyle W. Cayce
Clerk

Sandra Hernandez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A096 175 750

————————————————————

Before Barksdale, Higginson, and Ho, *Circuit Judges*.

Per Curiam:[*]

Sandra Hernandez, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' (BIA) dismissing her appeal from an order of an Immigration Judge denying her 2020 motion to reopen and rescind the 2003 *in absentia* removal order entered against her after she failed to appear at the removal hearing. The *removal order* was mailed to an

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60538

attorney who Hernandez alleges was not her counsel, instead of to her address. Although she concedes she received *notice of the removal hearing*, she claims the immigration court's failing to mail her a copy of the removal order violated federal law and regulations and her due-process rights under the Fifth Amendment.

Motions to reopen removal proceedings are disfavored; therefore, our court "applies a highly deferential abuse-of-discretion standard in reviewing those motions". *Spagnol-Bastos v. Garland*, 19 F.4th 802, 805 (5th Cir. 2021) (citation omitted).

Regarding her statutory eligibility for rescinding, under 8 U.S.C. § 1229a(b)(5)(C), an *in absentia* removal order "may be rescinded only" if: (1) petitioner files a motion to reopen within 180 days following the date of the order and shows her failure to appear was due to exceptional circumstances; or (2) "upon a motion to reopen filed at any time", if petitioner shows she did not receive notice of her removal hearing as required by § 1229(a)(1) & (2). § 1229a(b)(5)(C).

As noted *supra*, Hernandez concedes she received notice of the removal hearing, and she does not contest the adequacy of that notice; therefore, the latter basis in the statute is not an applicable exception for rescinding her removal order. Further, she presents no explanation for her failure to appear at her hearing, thus failing to allege, much less demonstrate, *inter alia*, exceptional circumstances for her absence. The BIA's determination that Hernandez satisfied neither statutory exception under § 1229a(b)(5)(C) was neither "capricious" nor "without foundation in the evidence". *Spagnol-Bastos*, 19 F.4th at 805.

Her due-process claim requires "an initial showing of substantial prejudice" to prevail. *Okpala v. Whitaker*, 908 F.3d 965, 971 (5th Cir. 2018).

No. 22-60538

To meet that burden, she must "make a prima facie showing that the alleged violation affected the outcome of the proceedings". *Id.*

Hernandez offers two possibilities for showing prejudice. First, she generally alleges that her lack of notice of the *in absentia* order prevented her from timely challenging that order on appeal or through motions to reconsider or reopen. She, however, offers no grounds which could have excused her absence from the removal hearing. Her tentative contention is, therefore, insufficient to show substantial prejudice on this point because she does not demonstrate how the outcome of her removal proceedings would have been different. *See id.*; *United States v. Villanueva-Diaz*, 634 F.3d 844, 852 (5th Cir. 2011) (rejecting proposed showing of prejudice based on "speculative inquiry").

Second, she contends her lack of notice of the removal order prevented her from timely seeking reopening under 8 U.S.C. § 1229a(c)(7) in order to readjust her status based on her being the beneficiary of a relative's petition for an immigrant visa. *See* 8 U.S.C. § 1255(i) (providing alien who entered without inspection and who is beneficiary of qualifying petition for immigrant visa may apply for adjustment of status). Assuming this issue is exhausted and preserved, it is also insufficient, as discussed below, to make the requisite *prima facie* showing of prejudice.

Federal regulations require that a motion to reopen for the purpose of applying for relief from removal "be accompanied by the appropriate application for relief and all supporting documentation". 8 C.F.R. § 1003.2(c)(1). Hernandez was not "inspected and admitted or paroled into the United States". 8 U.S.C. § 1255(a). Therefore, "[i]n order to be eligible" for adjustment of status under § 1255(i), "it was [Hernandez'] burden to demonstrate that the qualifying I-130 petition 'was properly filed with the Attorney General on or before April 30, 2001,' and that such petition

3

was 'approvable when filed'". *Manjee v. Holder*, 544 F. App'x 571, 576–77 (5th Cir. 2013) (quoting 8 C.F.R. § 1245.10(a)(1)(i)(A)).

As Hernandez avers, the record includes her affidavit and the receipt from the agency accepting her Immigrant Petition for Relative (Form I-130), both filed with her motion to reopen. The record does not include, however, Hernandez' Application to Register Permanent Residence or Adjust Status (Form I-485), as noted by the BIA and as required by 8 C.F.R. § 1003.2(c)(1). Moreover, Hernandez provided no evidence—beyond her affidavit stating that she was "eligible" for adjustment of status—showing that the 19 July 2000 Petition for Relative was "approvable when filed" or "meritorious in fact". *See* 8 C.F.R. § 1245.10(a)(1)(i)(A), (a)(3); *see also In re Riero*, 24 I. & N. Dec. 267, 268 (BIA 2007) ("to be 'approvable when filed'", petition "must have been (1) properly filed, (2) meritorious in fact, and (3) not frivolous"). Accordingly, Hernandez fails to show she was substantially prejudiced by the claimed improper mailing of the removal order. *See Okpala*, 908 F.3d at 971 (burden on applicant to show substantial prejudice).

DENIED.