# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-60666
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
June 12, 2023

Lyle W. Cayce
Clerk

Anna Grullon-Garcia,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A078 311 778

---

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:[*]

Anna Grullon-Garcia, a native and citizen of the Dominican Republic, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing her appeal from the immigration judge's (IJ's) denial of her motion to reopen and rescind an in absentia removal order based on lack of notice.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60666

Grullon-Garcia argues that she did not receive proper written notice of her removal hearing given that her notice to appear (NTA) did not specify a time and date for her hearing. She also challenges the BIA's conclusion that she forfeited the right to written notice of her removal hearing by failing to provide a valid address where the immigration court could mail the notice.

This court reviews the BIA's decision and considers the IJ's decision only to the extent it influenced the BIA. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). The BIA's factual findings are reviewed for substantial evidence, and its legal conclusions are reviewed de novo. *Id.* The substantial evidence test "requires only that the BIA's decision be supported by record evidence and be substantially reasonable." *Omagah v. Ashcroft*, 288 F.3d 254, 258 (5th Cir. 2002). This court will not reverse the BIA's factual findings unless the evidence compels a contrary conclusion. *Chen v. Gonzalez*, 470 F.3d 1131, 1134 (5th Cir. 2006). "The applicant has the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Id.*

The denial of a motion to reopen is reviewed "under a highly deferential abuse-of-discretion standard." *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014) (internal quotation marks and citation omitted). Accordingly, this court will affirm the BIA's decision unless it is "capricious, irrational, utterly without foundation in the evidence, based on legally erroneous interpretations of statutes or regulations, or based on unexplained departures from regulations or established policies." *Id.*

The BIA relied on *Spagnol-Bastos v. Garland*, 19 F.4th 802 (5th Cir. 2021), and found that Grullon-Garcia had forfeited the right to written notice of her removal hearing by failing to provide a valid address where notice could be sent. Grullon-Garcia does not address *Spagnol-Bastos* in her brief. Instead, she relies on *Rodriguez v. Garland*, 15 F.4th 351 (5th Cir. 2021), and argues

that because her NTA failed to specify the date and time of her removal hearing, she could not be removed in absentia.  But as this court explained in *Spagnol-Bastos*, *Rodriguez* does not apply where, as in Grullon-Garcia's case, the alien fails to provide the immigration court with a valid mailing address at which to receive notice.  *Spagnol-Bastos*, 19 F.4th at 808 n.2.

Though Grullon-Garcia claims that she provided the immigration court with her contact information, the only evidence she presented to support her claim is a vague assertion in her affidavit that "after [she] was released from detention [she] did a Change of Address with the court."  Her affidavit does not specify when she attempted to notify the immigration court of her new address or claim that she provided this information by filing Form EOIR-33 as the NTA instructed.  Further, as the BIA noted, Grullon-Garcia's affidavit contains no "specific information regarding when and where she was residing" after she was released from immigration custody.

The BIA reasonably concluded that Grullon-Garcia's affidavit was insufficient to establish that she did not receive notice of her removal hearing or show that she had provided the immigration court with an address at which she could receive notice as 8 U.S.C. § 1229(a)(1)(F)(i) requires. *See Mauricio-Benitez v. Sessions*, 908 F.3d 144, 150-51 (5th Cir. 2018).  The BIA also reasonably relied on *Spagnol-Bastos* in determining that Grullon-Garcia forfeited her right to written notice and did not act, arbitrarily, capriciously, or irrationally in denying her motion to reopen and rescind her in absentia removal order for lack of notice.  *See Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014).

The petition for review is DENIED.