# United States Court of Appeals
# for the Fifth Circuit

_____

No. 25-60647
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**
June 1, 2026

Lyle W. Cayce
Clerk

Nataly Dayana Chavez; Andrea Elizabeth Soto-Chavez;
Jose Salvador Soto Chavez,

*Petitioners*,

*versus*

Todd Wallace Blanche, *Acting U.S. Attorney General*,

*Respondent*.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A205 724 872,
A205 724 873, A205 724 874

_____

Before Jones, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Nataly Dayana Chavez and her two children, natives and citizens of El
Salvador, petition for review of an order of the Board of Immigration Appeals
(BIA) dismissing her appeal from order of Immigration Judge (IJ) denying

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

her application for asylum and withholding of removal.[1] Petitioners also challenge the BIA's conclusion that their belated objections to defective Notices to Appear ("NTA") were forfeited, and its denial of Petitioners' motion to administratively close removal proceedings based on Ms. Chavez's pending U-visa petition.

We begin with Petitioners' challenge to the denial of asylum and withholding of removal. "We review the BIA's decision and consider the IJ's decision only to the extent it influenced the BIA." *Agustin-Matias v. Garland*, 48 F.4th 600, 601 (5th Cir. 2022). We review questions of law de novo and factual findings for substantial evidence, and we may not disturb an immigration court's factual findings unless the evidence compels a contrary conclusion. *Martinez–Martinez v. Holder*, 769 F.3d 897, 899 (5th Cir. 2014).

To establish eligibility for asylum or withholding, an applicant must show persecution on account of a protected ground, such as membership in a particular social group ("PSG"). *Jaco v. Garland*, 24 F.4th 395, 401, 406–07 (5th Cir. 2021). Persecution is a "sustained, systematic effort to target an individual on the basis of a protected ground," and it "does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional." *Aben v. Garland*, 113 F.4th 457, 465–66 (5th Cir. 2024) (internal quotation marks and citations omitted). Moreover, "[t]he protected

---

[1] Ms. Chavez named her minor children, Andrea Elizabeth Soto-Chavez and Jose Salvador Soto-Chavez, as a derivative beneficiaries in her asylum application. Ms. Chavez also applied for protection under the Convention Against Torture ("CAT"). However, she does not challenge the denial of CAT relief on appeal, so it is forfeited. *Lopez-Perez v. Garland*, 35 F.4th 953, 957 n.1 (5th Cir. 2022). And because her minor children did not file separate applications, they are not eligible for withholding of removal or CAT relief. *See Arif v. Mukasey*, 509 F.3d 677, 682 (5th Cir. 2007) (holding that withholding of removal does not extend to derivative beneficiaries); *Rangel v. Garland*, 100 F.4th 599, 610 n.14 (5th Cir. 2024) ("CAT does not provide for derivative beneficiaries.").

ground must be 'at least one central reason' for the persecution," not merely "incidental, tangential, superficial, or subordinate to another reason for harm." *Vazquez-Guerra v. Garland*, 7 F.4th 265, 269 (5th Cir. 2021) (quoting *Sealed Petitioner v. Sealed Respondent*, 829 F.3d 379, 383 (5th Cir. 2016)). Because withholding requires a higher showing than asylum, failure to establish the latter forecloses the former. *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002).

Ms. Chavez failed to establish either harm rising to the level of persecution or that she was targeted on account of a protected ground. Although she claimed membership in a PSG comprised of a "parent of a child recruited by gang members," the IJ found that the gangs targeted her and her family for criminal reasons rather than on account of any protected ground. Ms. Chavez points to nothing in the record compelling a contrary conclusion. Her general arguments about widespread gang violence in El Salvador and her family's encounters with gangs do not establish that she was targeted on account of a protected ground rather than for criminal motives, which is not a basis for relief. *See Vazquez-Guerra*, 7 F.4th at 270 ("Threats or attacks motivated by criminal intentions do not provide a basis for protection.").

Next, we conclude that Petitioners forfeited their objections to the defective NTAs by failing to raise them "prior to the close of pleadings before the IJ." *Sustaita-Cordova v. Garland*, 120 F.4th 511, 519 (5th Cir. 2024). Petitioners concede they raised this issue for the first time before the BIA. They insist, however, that timely objections were "impossible" because they were unrepresented at their final merits hearing and subsequent Supreme Court, Fifth Circuit, and BIA decisions clarifying the requirements of a valid NTA and the consequences for failure to timely object post-dated the close of pleadings in August 2013. *See Pierre-Paul v. Barr*, 930 F.3d 684, 692 (5th Cir. 2019), *abrogated in part on other grounds by Niz-Chavez v. Garland*, 593

U.S. 155 (2021); *Niz-Chavez*, 593 U.S. at 170; *Matter of Fernandes*, 28 I. & N. Dec. 605, 608 (BIA 2022).

*Sustaita-Cordova*, 120 F.4th 511, forecloses this argument. There, the petitioner pleaded to an undated NTA in June 2017 and raised his deficiency objection for the first time before the BIA, likewise relying on *Niz-Chavez* and *Pereira*. *Sustaita-Cordova*, 120 F.4th at 513, 515–516. We held that because petitioner "failed to raise an objection to the NTA prior to the close of pleadings before the IJ, he forfeited any later claim-processing challenge to the NTA," notwithstanding that *Pierre-Paul*, *Niz-Chavez*, and *Matter of Fernandes* were all decided after pleadings closed. *Id.* The same result follows here.

That Petitioners were unrepresented at their final merits hearing is of no moment, as they were represented by counsel when pleadings were taken in 2013 and remained represented at least until June 2021, after *Pierre-Paul* had been decided. And nothing suggests it was impossible for Petitioners to timely raise their deficiency objection, even if it might not have succeeded. *Penaranda Arevalo v. Bondi*, 130 F.4th 325, 336-37 (2d Cir. 2025) ("[Petitioner] did not need *Fernandes* to frame an argument that his notice to appear was deficient . . . . A litigant can forfeit an available argument even if it has not previously been raised or recognized in another case."); *see also Spagnol-Bastos v. Garland*, 19 F.4th 802, 808 (5th Cir. 2021) ("It is of no consequence that then-valid Fifth Circuit precedent foreclosed [petitioner's] cancellation argument at the time he submitted his opening brief because that argument was nonetheless available to him.").

Finally, we find no error in the BIA's denial of Ms. Chavez's motion for administrative closure, which we review for abuse of discretion. *Hernandez-Castillo v. Sessions*, 875 F.3d 199, 208–09 (5th Cir. 2017). Administrative closure is appropriate when the parties await an occurrence

germane to the proceedings but outside their control, and the BIA may weigh the factors set forth in *Matter of Avetisyan*, 25 I. & N. Dec. 688, 696 (BIA 2012), in evaluating such a request. *Hernandez-Castillo*, 875 F.3d at 209. The BIA denied Ms. Chavez's motion because she failed to provide a copy of her U-visa petition, failed to analyze its likelihood of success, and failed to address the anticipated length of the proposed closure. These are proper considerations under *Avetisyan*, and the BIA's assessment accurately reflects her filing.

Ms. Chavez argues that she received a "bona fide determination" on her U-visa petition in May 2025, after she filed her motion but before the BIA's October 2025 decision, and requests a remand for the BIA to consider this development. But this determination is not in the administrative record, and we may not consider it. 8 U.S.C. § 1252(b)(4)(A); *see also Faddoul v. I.N.S.*, 37 F.3d 185, 190 (5th Cir. 1994) ("The proper venue for proffering new evidence is not the Fifth Circuit on appeal, but the BIA through a motion to reopen the case."). Accordingly, Ms. Chavez has shown no abuse of discretion in the denial of her motion for administrative closure.

The petition for review and the request for remand are DENIED.