# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 23, 2012

Lyle W. Cayce
Clerk

No. 11-10583

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MOHAMMED KHALIL GHALI, also known as Mohammed Ghali,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas

Before HIGGINBOTHAM, ELROD, and HAYNES, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Mohammed Khalil Ghali was convicted of ten counts of money laundering under 18 U.S.C. § 1956, which prohibits individuals from laundering the "proceeds" of certain activities. Several years later, a fractured Supreme Court held that "proceeds" means "profits" rather than "gross receipts," at least in certain circumstances. Ghali timely moved for relief under 28 U.S.C. § 2255 and now appeals from the district court's denial of that motion. Because Ghali's claim for relief is foreclosed by *Garland v. Roy*,[1] we affirm.

---

[1] 615 F.3d 391 (5th Cir. 2010).

No. 11-10583

## I

Ghali owned and operated two convenience stores and a wholesale business within the State of Texas. The government suspected him of buying and selling stolen goods through those operations. It commenced an investigation of Ghali and some of his associates.

Ghali was arrested and later charged in a nineteen-count indictment, which included ten counts of money laundering. Nine of those counts were for money-laundering "sting";[2] each accused Ghali of purchasing property that an agent of the government "represented . . . as having been stolen in the State of Oklahoma." The tenth alleged conspiracy to commit "concealment" money laundering; in essence, a conspiracy to conceal the proceeds of illegal activity.[3]

Ghali waived his right to a trial by jury. Following a bench trial, he was convicted on all ten money-laundering counts. The district court sentenced him to 168 months imprisonment.[4] Ghali timely appealed to this Court, which affirmed the judgment of the court below.[5] Soon after, the Supreme Court denied Ghali's petition for a writ of certiorari.[6]

A fractured Supreme Court later decided *United States v. Santos,*[7] interpreting the word "proceeds" within the money-laundering statute under which Ghali was convicted. The Justices in *Santos*, split 4-1-4, disagreed about

---

[2] *See* 18 U.S.C. §§ 1956(a)(3)(A) and 2.

[3] *See id.* at § 1956(a)(1)(B)(i).

[4] Ghali was convicted of several other offenses. The resulting, shorter sentences ran concurrently with the sentences arising from his money laundering.

[5] *See United States v. Ghali*, 184 F. App'x 391 (5th Cir. 2006).

[6] *See Ghali v. United States*, 549 U.S. 1008, 1008 (2006) (denying certiorari).

[7] 553 U.S. 507 (2008).

what holding they had collectively produced.[8] Ghali timely moved for relief under § 2255, his first such motion. He argued that *Santos*'s understanding of "proceeds" required the government to prove that he laundered the "profits" of certain activities, rather than mere "gross receipts." The district court disagreed and denied Ghali's motion. Ghali filed a notice of appeal, contending that "[u]nder [*Santos*], the Appellant is actually innocent of the [money laundering] convictions[,] rendering the 168 month sentence imposed [on him] to be in excess of the . . . statutory maximum applicable to the remaining counts of conviction." Judge King granted Ghali a COA, and this appeal followed.

## II

When a district court denies a motion under 28 U.S.C. § 2255, we review its legal conclusions de novo.[9] On appeal, Ghali's claim for relief turns on a single argument: Under *Santos*, "proceeds" must *always* mean "profits" within the money-laundering statute. That argument is foreclosed.[10]

Our interpretation of *Santos* is settled. In *Garland v. Roy*, we applied *Marks v. United States* to the Supreme Court's 4-1-4 *Santos* decision.[11] We concluded that Justice Stevens's concurrence controls, and summarized his opinion as follows:

> First, he stated that he was joining the plurality's rule, that the rule of lenity dictates that "proceeds" must be defined as "profits" in cases where defining "proceeds" as "gross receipts" would result in the "perverse result" of the "merger problem." In other circumstances, however, he could not agree with the plurality

---

[8] *See id.* at 523–24 (plurality opinion), 528 n.7 (Stevens, J., concurring).

[9] *See United States v. Cavitt*, 550 F.3d 430, 435 (5th Cir. 2008).

[10] Because Ghali's argument is plainly foreclosed, we need not decide whether the government forfeited any applicable procedural bar.

[11] *See Garland v. Roy*, 615 F.3d 391 (5th Cir. 2010) (quoting *Marks v. United States*, 430 U.S. 188, 193 (1977)).

that "proceeds" must have one uniform meaning, "profits." Instead, second, he stated that "in other applications of the statute not involving such a perverse result," he would start from the presumption that "proceeds" should be defined as "gross receipts," but he would look to the legislative history of the money-laundering statute, 18 U.S.C. § 1956, to challenge this presumption. Only if he could locate adequate legislative history to rebut this presumption, indicating that "proceeds" should be defined as "profits," would he conclude that Congress meant for the narrower definition to apply.[12]

We elsewhere explained that the "merger problem" exists "when a defendant could be punished for the same transaction under the money-laundering statute as well as . . . the [other] statute criminalizing the specified unlawful activity underlying the money-laundering charge."[13]

Ghali acknowledges that in *Garland*, we adopted the two-step approach set out in Justice Stevens's concurrence. Ghali nevertheless argues that we should not follow *Garland* because it is inconsistent with *Clark v. Martinez*, in which the Supreme Court explained that judges may not "give the same statutory text different meanings in different cases."[14]

We cannot agree. "[E]ven if a panel's interpretation of the law appears flawed, the rule of orderliness prevents a subsequent panel from declaring it void" absent "an intervening change in the law."[15] Because the Supreme Court's 2005 decision in *Martinez* existed when this Court decided *Garland* in 2010, *Martinez* cannot provide an intervening change in the law. This is not

---

[12] *Id.* at 402 (internal citations omitted).

[13] *Id.* (internal quotation marks omitted).

[14] 543 U.S. 376, 386 (2005).

[15] *Jacobs v. Nat'l Drug Intelligence Ctr., 548* F.3d 375, 378 (5th Cir. 2008).

to say that *Martinez* and *Garland* are consistent. It is only to say that we must faithfully apply *Garland* regardless.[16]

Ghali further argues that *Garland* is distinguishable because the criminal defendant in that case did not raise the *Martinez* issue. It is true that our opinion in *Garland* does not cite *Martinez*. But the *Garland* opinion certainly reviewed *Santos*, in which several Justices suggested that Justice Stevens's view was inconsistent with *Martinez*.[17] And—more to the point—defendant Garland *did* raise the *Martinez* issue, citing the case and claiming that "the meaning of a word in a statute cannot change with the statute's application."[18] Accordingly, the rule of orderliness applies here with full effect. *Garland* controls this Court's interpretation of *Santos* and forecloses Ghali's argument.

---

[16] Ghali also argues that *Garland* is inconsistent with the rule of lenity and contends that the *Garland* Court misapplied *Marks*. Even if true, neither claim even colorably presents an intervening change in law. Ghali does not argue that *Santos*'s interpretation of proceeds should be limited to 18 U.S.C. § 1956(a)(1)(A)(i), the specific provision at issue in that case. In any event, we perceive no reason why that interpretation would not also apply to the word "proceeds" within Sections 1956(a)(3)(A) and 1956(a)(1)(B)(i), the Sections under which Ghali was convicted. *See United States v. Santos*, 553 U.S. 507, 512 (2008) (plurality opinion) ("The word ['proceeds'] appears repeatedly throughout the statute, but all of those appearances leave the ['profits' or 'gross receipts'] ambiguity intact.").

[17] *See United States v. Santos*, 553 U.S. at 522–24 (plurality opinion). The principal dissent in *Santos* did not cite *Martinez*, but expressed support for *Martinez*'s basic principle. S*ee id.* at 532 (Alito, J., dissenting) (rejecting Justice Stevens's approach "insofar as it holds that the meaning of the term 'proceeds' varies depending on the nature of the illegal activity that produces the laundered funds."); *id.* at 546 ("I do not see how the meaning of the term 'proceeds' can vary depending on the nature of the illegal activity that produced the laundered funds."); *id.* at 548 ("The meaning of the term 'proceeds' cannot vary from one money laundering case to the next.").

[18] Appellant's Br. at 10, *Garland v. Roy*, 615 F.3d 391 (5th Cir. 2010), (No. 09-40735), *available at* http://coa.circ5.dcn/ShowDoc.aspx?dlsId=913378; *see also Garland*, 615 F.3d at 399 ("Garland argues that he satisfies the third . . . factor because the four-Justice plurality opinion in *Santos* held that 'proceeds' must always be defined as 'profits' . . . [and] argues that we should ignore Justice Stevens' analysis.").

### III

On appeal, Ghali does not argue that he is entitled to relief under the two-step analysis described in *Garland*. We therefore need not and do not resolve those issues. Because *Garland* prevents us from uniformly defining "proceeds" as "profits" across the money-laundering statute, we AFFIRM.[19]

---

[19] Because Ghali has not established that it was error to try him on a "gross receipts" rather than a "profits" definition of "proceeds," we need not decide whether such an error would entitle him to relief.