# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 31, 2023

Lyle W. Cayce
Clerk

No. 21-60791
Summary Calendar

———————

Joao Correa Dos Santos,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A096 174 982

———————

Before Smith, Southwick, and Douglas, *Circuit Judges*.
Per Curiam:[*]

Petitioner challenges the Board of Immigration Appeals' denial of his motion to reopen removal proceedings and rescind his *in absentia* removal order. The original 2003 Notice to Appear given to Petitioner soon after being detained did not schedule his removal hearing. When Petitioner was

———————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

released a few weeks later, he signed a form that gave the address at which future notices could be given. The address had one incorrect letter in the name of the city but was otherwise completely accurate. Petitioner was informed he must provide notice of any change of address. A few weeks later, notice of his rescheduled hearing was sent to the slightly misspelled address. It was returned with the notations: "Moved, Left No Address," and "Attempted, Not Known." He did not attend the hearing and was ordered removed *in absentia*.

We conclude Petitioner forfeited his right to notice by failing to keep the immigration court apprised of his correct mailing address or to correct an erroneous address. We DENY his petition.

## FACTUAL AND PROCEDURAL BACKGROUND

Joao Correa Dos Santos, a native and citizen of Brazil, entered the United States on January 21, 2003. He was detained by the Immigration and Naturalization Service ("INS") and personally served with a notice to appear ("NTA") alleging he was removable because he was present without admission or parole. *See* 8 U.S.C. § 1182(a)(6)(A)(i). The NTA directed Correa Dos Santos to appear before an immigration judge ("IJ") in Harlingen, Texas, at a date and time "to be set" and listed his address as the detention facility's address. The NTA, which was written in English, also stated that Correa Dos Santos was required to provide a mailing address, that failure to do so would forfeit his right to written notice of his removal hearing, and that failure to attend the hearing could result in removal *in absentia*. According to the NTA, Correa Dos Santos was provided oral notice in Spanish of the time and place of his hearing and the consequences of failing to appear.

On February 5, 2003, the immigration court served Correa Dos Santos by personal service on his custodial officer, INS, with a Notice of Hearing ("NOH") setting his removal proceedings for 9:00 a.m. on February 18,

2003. Correa Dos Santos was released from custody on February 5, 2003. At that time, he signed a form entitled "Notification Requirement for Change of Address," which was written in both English and Spanish and indicated his mailing address was "32 Joes Hill Rd., Danburg, CT, 06811." On February 20, 2003, the immigration court mailed a second NOH to that address. That NOH, which reset Correa Dos Santos's hearing for 9:00 a.m. on April 4, 2003, was returned to the immigration court by the United States Postal Service marked "Moved, Left No Address." Correa Dos Santos did not appear for the hearing and was ordered removed *in absentia*. The removal order was also mailed to the "Danburg" address and subsequently returned to the immigration court with the marking "Attempted Not Known."

More than 16 years later, on August 1, 2019, Correa Dos Santos moved to reopen his removal proceedings in light of the Supreme Court's decision in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). Correa Dos Santos argued he was eligible for cancellation of removal pursuant to 8 U.S.C. § 1229b(b) because, under *Pereira*, his NTA was insufficient to trigger the so-called "stop-time" rule and, as a result, he had established more than ten years of continuous physical presence in the United States. In an affidavit attached to the motion, Correa Dos Santos stated that he moved to "Connecticut, CT" upon his release from detention and that he provided immigration authorities with his brother's address there. He also claimed that he "never received any letter saying [he] would have to appear at a court."

The IJ denied the motion to reopen. The IJ first determined that Correa Dos Santos's defective NTA was cured by the first NOH, which set his initial hearing for February 18, 2003. Because the immigration court had provided the information missing from the NTA, rescission of the removal order under *Pereira* was not warranted. Next, the IJ observed that the record included proof of attempted delivery of the second NOH and found that Correa Dos Santos had not shown that he satisfied his obligation to provide the

immigration court with written notice of his correct mailing address. The IJ also explained that Correa Dos Santos's request for cancellation of removal was untimely, that he was not entitled to equitable tolling, and that he had not demonstrated *prima facie* eligibility for relief. Finally, the IJ declined to exercise their discretion to *sua sponte* reopen the case.

Correa Dos Santos appealed to the Board of Immigration Appeals ("BIA"). He again argued he was never provided with sufficient notice of his hearing and he had therefore accrued the period of continuous physical presence required to establish eligibility for cancellation of removal. Correa Dos Santos also raised several new arguments, including that INS failed to communicate with him in a language he understood, and that the *in absentia* removal proceeding was an unconstitutional "mass-deportation hearing." He further claimed, for the first time, that his brother and his brother's employer had provided INS with Correa Dos Santos's correct mailing address in Danbury, Connecticut, but that immigration officials mistakenly recorded the address as being in "Danburg." Emphasizing that the change of address form was not translated into Portuguese, Correa Dos Santos asserted he was not responsible for the typographical error in his address because the form was under the "complete control" of immigration authorities.

On September 15, 2021, the BIA dismissed the appeal. First, the BIA declined to consider the claims that Correa Dos Santos failed to raise before the IJ, including that he was not provided with a Portuguese interpreter and that immigration officials were responsible for any error in his recorded address. Observing that the second NOH was returned to the immigration court with the stamp "Moved, Left No Address," the BIA explained that it would not rescind an *in absentia* removal order for lack of notice where, as here, the alien apparently failed to update his current address with the immigration court. Finally, the BIA agreed with the IJ that Correa Dos Santos's motion to reopen was untimely and declined to address the merits of his

application for cancellation of removal or to exercise *sua sponte* authority to reopen proceedings.

Correa Dos Santos filed a motion for reconsideration in the BIA on the grounds that the agency's determination that he received valid notice of his hearing violated the recent Supreme Court decision in *Niz-Chavez v. Garland*, 141 S. Ct. 1474, 1478 (2021), which held that an NTA sufficient to trigger the stop-time rule must be a "single document containing all the information an individual needs to know about his removal hearing" specified in 8 U.S.C. § 1229(a)(1). The Government did not oppose the motion, which appears to remain pending at the BIA. Correa Dos Santos also filed a timely petition for review of the BIA's decision. *See* 8 U.S.C. § 1252(b)(1).

## DISCUSSION

The primary issue on appeal is whether Correa Dos Santos was entitled to have the *in absentia* removal order rescinded and proceedings reopened due to an improper address used to mail notice of the April 2003 hearing. There are other issues raised, though, and we will review them as well.

A motion to reopen removal proceedings is disfavored. *Mauricio-Benitez v. Sessions*, 908 F.3d 144, 147 (5th Cir. 2018). This court applies "a highly deferential abuse-of-discretion standard in reviewing" those motions. *Hernandez-Castillo v. Sessions*, 875 F.3d 199, 203 (5th Cir. 2017). Thus, the BIA's decision will be affirmed unless it is "capricious, irrational, utterly without foundation in the evidence, based on legally erroneous interpretations of statutes or regulations, or based on unexplained departures from regulations or established policies." *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014). We review questions of law *de novo* and findings of fact using the substantial-evidence test, under which we do not overturn factual findings "unless the evidence compels a contrary conclusion." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). Finally, this court focuses

its review on the BIA's order but may also review the IJ's underlying decision where it influenced the BIA's opinion. *Hernandez-Castillo*, 875 F.3d at 204.

Generally, we may uphold a BIA decision only on the basis of its stated rationale, but "[e]ven if there is a reversible error in the BIA's analysis, affirmance may be warranted where there is no realistic possibility that, absent the errors, the BIA would have reached a different conclusion." *Luna-Garcia v. Barr*, 932 F.3d 285, 291 (5th Cir. 2019) (quotation marks and citations omitted).

### I.    *Notice argument*

A Notice to Appear initiates removal proceedings. *Johnson v. Guzman Chavez*, 141 S. Ct. 2271, 2280 (2021). The NTA must specify certain information, including "[t]he time and place at which the proceedings will be held." 8 U.S.C. § 1229(a)(1)(G)(i). Section 1229(a)(2) applies when the Government wishes "to change the alien's hearing date." *Niz-Chavez v. Garland*, 141 S. Ct. 1474, 1483 (2021). Changing the hearing date requires service of a written notice specifying "the new time or place of the proceedings" and the consequences of failing to attend such proceedings, but such written notice is not required if the alien is not in detention and "has failed to provide the address required under" Section 1229(a)(1)(F). § 1229(a)(2). The statutory requirements are that an alien (1) provide "a written record of an address . . . at which the alien may be contacted" with respect to his removal proceedings, and (2) immediately provide "a written record of any change of the alien's address." § 1229(a)(1)(F)(i), (ii). Service of a written hearing notice by mail is "sufficient if there is proof of attempted delivery to the last address provided by the alien in accordance with" Section 1229(a)(1)(F). § 1229(c).

Other subsections govern the issuance of an *in absentia* removal order. Under Section 1229a(b)(5)(A), an alien who does not attend a proceeding

"after written notice required under paragraph (1) or (2) of section 1229(a) . . . has been provided to the alien," "shall be ordered removed *in absentia*" if the Government "establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable." The Government satisfies the notice requirement if the written notice is "provided at the most recent address provided under section 1229(a)(1)(F)." § 1229a(b)(5)(A). However, "[n]o written notice shall be required . . . if the alien has failed to provide the address required under section 1229(a)(1)(F)." § 1229a(b)(5)(B).

In moving to have his *in absentia* removal order rescinded, Correa Dos Santos relied on a statutory subsection allowing rescission "if the alien demonstrates that the alien did not receive notice in accordance with paragraph (1) or (2) of section 1229(a)." § 1229a(b)(5)(C)(ii). Nonetheless, if an alien fails to provide a correct mailing address, including failure to correct an erroneous address, "he [is] not entitled to actual notice of his removal hearing." *Mauricio-Benitez*, 908 F.3d at 149.

While Correa Dos Santos's appeal was before the BIA, the Supreme Court issued an opinion holding that before an NTA could invoke the stop-time rule[1] for cancellation of removal, all necessary information, including the time and place of the hearing, must be in one document. *Niz-Chavez*, 141 S. Ct. at 1480–86. The necessary details include the time and place of the removal hearing. *Id.* at 1484. Shortly thereafter, we held this single-document rule also applied in the *in absentia* context, such that an NTA containing all the information specified under Section 1229(a)(1) is required to sustain

---

[1] The stop-time rule provides that an alien's period of continuous, lawful presence in the United States ends when the person is served with a proper NTA. *Niz-Chavez*, 141 S. Ct. at 1479 (citing § 1229b(d)(1)).

an *in absentia* removal order. *Rodriguez v. Garland*, 15 F.4th 351, 355 (5th Cir. 2021), *reh'g denied*, 31 F.4th 935 (5th Cir. 2022).

On appeal, Correa Dos Santos argues *Rodriguez* compels rescinding the *in absentia* order of removal because the defective NTA did not stop-time rule. The Government responds that one of our recent opinions distinguishing *Rodriguez* forecloses Correa Dos Santos's argument. *See Nivelo Cardenas v. Garland*, 70 F.4th 232 (5th Cir. 2023). We agree.

Under the Immigration and Nationality Act, sending notice "by mail under this section shall be sufficient if there is proof of attempted delivery to the last address provided by the alien in accordance with subsection (a)(1)(F)." § 1229(c). There are different contexts in which the sufficiency of notice of a removal hearing can arise. Since *Niz-Chavez*, we have addressed several variations: *Spagnol-Bastos v. Garland*, 19 F.4th 802 (5th Cir. 2021); *Gudiel-Villatoro v. Garland*, 40 F.4th 247 (5th Cir. 2022); and *Platero-Rosales v. Garland*, 55 F.4th 974 (5th Cir. 2022). We recently reaffirmed these holdings that an alien's failure to provide a viable address forfeits his right to written notice of a removal hearing under 8 U.S.C. § 1229a(b)(5)(B). *Nivelo Cardenas*, 70 F.4th at 241.

In *Nivelo Cardenas*, we adopted the reasoning in Chief Judge Richman's concurring opinion in *Platero-Rosales*. *Id.* She explained that "providing the alien with a 'notice to appear' that must necessarily include the time and place of a removal hearing, is not a prerequisite to the applicability of § 1229a(b)(5)(B)." *Platero-Rosales*, 55 F.4th at 979 (Richman, C.J., concurring). After analyzing the relevant statutory provisions, she concluded, "the statutes provide that the consequence of failing to provide an address is that the alien can be removed *in absentia*." *Id.* at 980. She addressed the argument that *Rodriguez* conflicts with *Spagnol-Bastos* and *Gudiel-Villatoro*. *Id.* at

No. 21-60791

980–81. We agree that *Rodriguez* is not controlling if the alien provides no address, or fails to update or to correct an erroneous address:

> The *Rodriguez* decision is not precedential with regard to the issue before our court because the record in *Rodriguez* reflects that the [BIA] did not rest its decision on, or even discuss, 8 U.S.C. § 1229a(b)(5)(B), which says that "[n]o written notice shall be required under subparagraph (A) if the alien has failed to provide the address required under section 1229(a)(1)(F) of this title." . . . By contrast, our court's decisions in *Spagnol-Bastos v. Garland* and *Gudiel-Villatoro v. Garland* do squarely address the issue we confront today. Accordingly, they are binding precedent, and they govern under our rule of orderliness.

*Id.* (footnotes omitted).

In sum, *Nivelo Cardenas* held an alien forfeits notice when he fails to provide an address, update an old address, or correct an erroneous address. *Nivelo Cardenas*, 70 F.4th at 243. We reiterated that the alien bears the burden to correct any typographical errors in the address — even if a governmental official erred in recording the address — particularly where, as in this case and *Nivelo Cardenas*, the error is set forth in a Form I-830, "Notice to EOIR: Alien Address" that is filed with the immigration court by the Department of Homeland Security. *See id.* at 235–36, 243–44. We also distinguished *Rodriguez v. Garland*, where the applicability of 8 U.S.C. § 1229a(b)(5)(B) was neither briefed by the parties nor addressed in the panel's opinion. *See id.* at 242–43.

Therefore, just as we determined in *Nivelo Cardenas*, Correa Dos Santos forfeited his right to notice by failing to correct the erroneous address listed in his "Notification Requirement for Change of Address" and Form I-830.

## II.     *Additional arguments as to why the BIA erred*

In addition to the notice issues, Correa Dos Santos also argues that the BIA erred in failing to evaluate various "constitutional defects" in his case, including his allegations that INS failed to provide a Portuguese interpreter and that his removal hearing was improperly conducted.

This court has jurisdiction to review "constitutional claims or questions of law" raised in a petition for review. 8 U.S.C. § 1252(a)(2)(D). An alien must, however, exhaust all administrative remedies that are available as of right before this court may review a final order. § 1252(d)(1); *see also Santos-Zacaria v. Garland*, 143 S. Ct. 1103, 1116 (2023) ("[Section] 1252(d)(1)'s exhaustion requirement is not jurisdictional[;] it is subject to waiver and forfeiture."). The BIA is not required to consider an issue raised for the first time on appeal. *See Matter of Jimenez-Santillano*, 21 I. & N. Dec. 567, 570 n.2 (B.I.A. 1996). Therefore, and the BIA does not err by failing to consider an issue that was not presented to the IJ. *See Cantarero-Lagos v. Barr*, 924 F.3d 145, 151–52 (5th Cir. 2019).

Here, as the BIA correctly determined, Correa Dos Santos failed to present his constitutional claims to the IJ. He accordingly has failed to exhaust those claims and, thus, he has forfeited them. *See* § 1252(d)(1); *Cantarero-Lagos*, 924 F.3d at 151–53; *Santos-Zacaria*, 143 S. Ct. at 1116. This portion of Correa Dos Santos's petition is denied.

The petition for review is DENIED.