# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 27, 2024

Lyle W. Cayce
Clerk

———————

No. 23-60509
Summary Calendar

———————

Luis Beltran Bustillo-Funes,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A098 995 416

———————————————————

Before Smith, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Luis Beltran Bustillo-Funes, a native and citizen of Honduras, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from an order of an Immigration Judge (IJ) denying his motion to reopen his proceedings and rescind an in absentia removal order and implicitly denying his motion to remand so that he could apply for relief.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-60509

Motions to reopen and remand are both reviewed under a "highly deferential abuse of discretion standard." *Mauricio-Benitez v. Sessions*, 908 F.3d 144, 147 (5th Cir. 2018) (internal quotation marks and citation omitted) (reopening); *Suate-Orellana v. Barr*, 979 F.3d 1056, 1062 (5th Cir. 2020) (internal quotation marks and citation omitted) (remand). Consequently, this court will affirm unless the agency's decision is "capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Mauricio-Benitez*, 908 F.3d at 147 (internal quotation marks, brackets, and citation omitted). Bustillo-Funes has not met these standards.

Insofar as he complains that he did not receive a copy of the in absentia order, this shows no abuse of discretion in the BIA's determination that his motion to reopen lacked merit because he received written notice of his hearing. *See Mauricio-Benitez*, 908 F.3d at 147; *Nivelo Cardenas v. Garland*, 70 F.4th 232, 238 (5th Cir. 2023); 8 U.S.C. § 1229a(b)(5)(A), (C)(ii). His due process argument fails because reopening is a form of discretionary relief, and aliens have no due process rights with respect to discretionary relief. *See Santos-Zacaria v. Garland*, 598 U.S. 411, 425 (2023); *Ramos-Portillo v. Barr*, 919 F.3d 955, 963 (5th Cir. 2019). He shows no abuse of discretion in connection with the BIA's implicit denial of his motion to remand because he failed to raise viable claims for relief. *See Milat v. Holder*, 755 F.3d 354, 365 (5th Cir. 2014); ; *Soffar v. Dretke*, 368 F.3d 441, 470 (5th Cir.), *amended on rehearing on other grounds*, 391 F.3d 703 (5th Cir. 2004).

Finally, we lack jurisdiction to review the BIA's decision not to open proceedings sua sponte. *See Qorane v. Barr*, 919 F.3d 904, 911-12 (5th Cir. 2019). The petition for review is DENIED in part and DISMISSED in part for want of jurisdiction.

2