# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 31, 2025

Lyle W. Cayce
Clerk

No. 25-60285
Summary Calendar

———————————

Nuria Jeannette Barrientos-Romero,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

———————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A098 401 419

———————————————————————

Before King, Stewart, and Haynes, *Circuit Judges*.

Per Curiam:[*]

In 2004, Nuria Jeannette Barrientos-Romero, a native and citizen of El Salvador, was ordered removed in absentia after failing to appear at her hearing. About 15 years later, she filed a motion to reopen and rescind the removal order. The immigration judge (IJ) denied the motion, and the Board

———————————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

of Immigration Appeals (BIA) adopted and affirmed the IJ's decision. Barrientos-Romero petitions for review of the BIA's decision.

Because the BIA adopted the IJ's decision, we review the decisions of both the BIA and the IJ. *See Lugo-Resendez v. Lynch*, 831 F.3d 337, 340 (5th Cir. 2016). The denial of a motion to reopen is reviewed "under a highly deferential abuse-of-discretion standard." *Platero-Rosales v. Garland*, 55 F.4th 974, 976 (5th Cir. 2022) (internal quotation marks and citation omitted).

For purposes of removal in absentia, an alien who fails to provide a contact address in accordance with 8 U.S.C. § 1229(a)(1)(F) forfeits the right under § 1229(a) to notice of her removal hearing. *See* 8 U.S.C. § 1229a(b)(5)(B); *Platero-Rosales*, 55 F.4th at 977. Providing the alien with a notice to appear that includes a hearing date and time is not a prerequisite to the applicability of § 1229a(b)(5)(B). *Nivelo Cardenas v. Garland*, 70 F.4th 232, 243 (5th Cir. 2023). Accordingly, "[f]ederal law makes clear that the United States may remove an alien in absentia, and without notice, if the alien never provides the government with her address information as required." *Platero-Rosales*, 55 F.4th at 977.

Because Barrientos-Romero did not provide a contact address as required, she may not obtain reopening under § 1229a(b)(5)(C)(ii) on the ground that her notice to appear did not include a hearing date and time. *See Platero-Rosales*, 55 F.4th at 977. While she disputes the correctness of *Platero-Rosales* and the similar decisions in *Gudiel-Villatoro v. Garland*, 40 F.4th 247, 249 (5th Cir. 2022), and *Spagnol-Bastos v. Garland*, 19 F.4th 802, 806-07 (5th Cir. 2021), those decisions govern here under the rule of orderliness. *See Nivelo Cardenas*, 70 F.4th at 240-43. Additionally, Barrientos-Romero's notice to appear did not violate § 1229(a)(1)(F)(i), as the notice to appear

No. 25-60285

clearly specified that she was required to provide the government with her address information. *See Platero-Rosales*, 55 F.4th at 977.

Barrientos-Romero also argues that the agency erred by not granting equitable tolling as to her claim under § 1229a(b)(5)(C)(i) that exceptional circumstances caused her failure to appear at the hearing. Barrientos-Romero did not raise a claim of equitable tolling before the IJ or BIA, and the Respondent is correct that she failed to exhaust her current argument regarding equitable tolling. Thus, we do not consider it here. *See* 8 U.S.C. § 1252(d)(1); *Medina Carreon v. Garland*, 71 F.4th 247, 257 (5th Cir. 2023).

Lastly, Barrientos-Romero contends that the agency violated her due process rights by mischaracterizing the facts of the case and disregarding her claims. The argument is unavailing, as due process claims are not cognizable with respect to reopening proceedings because "no liberty interest exists in a motion to reopen." *Mejia v. Whitaker*, 913 F.3d 482, 490 (5th Cir. 2019). Barrientos-Romero has not shown that the agency abused its discretion in denying her motion to reopen.

The petition for review is DENIED.